# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MATTHEW D. PERKINS,** | Civil Action No. 18-12826 (JMV) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **STATE OF NEW JERSEY, et al.,** | |
| **Defendants.** | |

**VAZQUEZ**, District Judge:

Currently before the Court is the complaint (ECF No. 1) of Plaintiff Matthew D. Perkins. Because Plaintiff has previously been granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss the State of New Jersey from this matter with prejudice; will dismiss without prejudice Plaintiff's official capacity claims and claims against the Borough of South Hackensack, Captain Kaiser, and the Bergen County Prosecutor Office; and will permit Plaintiff's illegal search and excessive force claims to proceed against Defendants McAllister and the John Doe Defendants in their individual capacities only.

## I. BACKGROUND

In his complaint, Plaintiff alleges that he was stopped on April 26, 2017, while driving along Route 46 West in New Jersey by Defendant McAllister, a South Hackensack police officer. (ECF No. 1 at 3-4). At some point during this stop, three other officers, identified as John Doe Defendants arrived. (*Id.*). Plaintiff was arrested and placed in handcuffs. (*Id.*). While handcuffed,

Plaintiff alleges these four officers assaulted him by pulling and pushing on Plaintiff's arms and shoving him into a vehicle, which Plaintiff alleges caused Plaintiff to break his right hip. (*Id.*). Plaintiff further alleges that these four officers "illegally searched" his vehicle, including the glove box, without a warrant or Plaintiff's consent. (*Id.* at 3). The officers apparently recovered a weapon from the glove box. (*Id.* at 3-4). Plaintiff was thereafter charged by a police captain and the Bergen County Prosecutor's Office by way of a criminal complaint with possession of an unlawful weapon. (*Id.* at 3). Plaintiff does not explain to the Court what became of those charges after they were filed.

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To

survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff seeks to bring a claims against several police officers and Bergen County officials for violations of his constitutional rights, which are raised pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here Plaintiff appears to be claims for an illegal search and excessive force against Defendants McAllister and the John Doe Defendants, and a claim against Defendant Kaiser and the Bergen County Prosecutor's Office for malicious prosecution arising out of his being charged and prosecuted for unlawful possession of a weapon. Plaintiff also names as Defendants in this matter the State of New Jersey and the Borough of South Hackensack, but alleges no actions taken by these entities which violated his rights.

In any event, the State of New Jersey is not a proper Defendant in a § 1983 matter. This is because a state is "not a 'person' who may be sued under Section 1983" and because a state is immune from suit in federal court under the Eleventh Amendment. *Grohs v.Yatauro*, 984 F. Supp. 2d 273, 280-81 (D.N.J. 2013); *see also Wills v. Michigan Dep't of State Pol.*, 491 U.S. 58, 65-66 (1989). As a result, the State of New Jersey is dismissed from this action with prejudice.

Plaintiff also names as a Defendant the Borough of South Hackensack, and raises claims against several of the Borough's police officers in their official capacity. A suit against a police officer in his official capacity "represent[s] only another way of pleading an action against the entity of which an officer is an agent," in this case the Borough of South Hackensack which employs them. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978); *Grohs*, 984 F. Supp. 2d at 280-81. In order to make out a claim against a municipality such as the Borough, whether directly or through an official capacity claim, a plaintiff must plead facts which would establish that the municipality essentially caused the alleged constitutional violation through a policy, practice, or custom that the municipality put into place. *Monell*, 436 U.S. at 694. Plaintiff has identified no policy or practice put into place by the Borough, nor has he alleged any other acts by the Borough that would otherwise state a claim against it. Plaintiff has thus failed to plead

4

a viable claim against the Borough or the officers in their official capacities, and those claims are dismissed without prejudice as a result.

Plaintiff also seeks to raise a claim for malicious prosecution against Captain Kaiser and the Bergen County Prosecutor's Office based on his allegation that they charged him with unlawful possession of a weapon which he contends was licensed and properly in his possession. To plead a viable claim for malicious prosecution, a plaintiff must assert the following:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). Plaintiff has pled no facts which indicate that this prosecution terminated in his favor, and his malicious prosecution claim against the Captain and the Prosecutor's Office is therefore dismissed.

Finally, Plaintiff presents individual capacity claims for excessive force and an illegal search against Defendants McAllister and the three John Doe police officers. The Court has considered those claims, and is aware of no basis for the dismissal of those claims at this time. Plaintiff's excessive force and illegal search claims shall therefore proceed at this time.

### III. CONCLUSION

For the reasons stated above, the State of New Jersey is dismissed from this matter with prejudice; Plaintiff's official capacity claims and his claims against Defendants the Bergen County Prosecutor's Office, Captain Kaiser, and the Borough of South Hackensack are dismissed without prejudice; and Plaintiff's excessive force and illegal search claims shall proceed against

5

Defendants McAllister and the John Doe Defendants in their individual capacities only. As to the claims dismissed without prejudice, Plaintiff is granted leave to file an amended complaint within forty-five (45) days to address the deficiencies noted above. If Plaintiff does not do so, the counts dismissed without prejudice will be dismissed with prejudice. An appropriate Order follows.

s/ John Michael Vazquez<br>Hon. John Michael Vazquez,<br>United States District Judge

Date: 5/15/19